J-A24035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RUTH J. PHILLIPS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN V. D'ANNUNZIO AND VINCENT J. D'ANNUNZIO | |
| Appellants | No. 51 EDA 2015 |

Appeal from the Order December 9, 2014
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 13-003249

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY PANELLA, J.          **FILED OCTOBER 23, 2015**

Appellants, John V. D'Annunzio and Vincent J. D'Annunzio, appeal from the December 9, 2014 order disposing of Appellee, Ruth J. Phillips's amended emergency petition to set aside the consent decree and release and return assets and Phillips's emergency petition to release escrow funds. We vacate the lower court's order and remand for further proceedings.

We take the relevant history of this matter from the trial court's Rule 1925(a) opinion.

> On May 24, 2013, Phillips filed a Complaint wherein she raised claims against [Appellants] for Malicious Prosecution, Replevin, and Quiet Title.  In her Complaint, Phillips alleged that on March 14, 2013, she had a meeting with her employers at the time, John and Vincent D'Annunzio….  Phillips was the

---

[*] Retired Senior Judge assigned to the Superior Court.

bookkeeper for D'Annunzio and Sons. Phillips alleged that at this meeting, [Appellants] confronted her and accused her of stealing $300,000.00 from them. Phillips further alleged that [Appellants] promised to not report her alleged actions to the Delaware County District Attorney's Office if she gave them $45,166.19 and the deed to her property located at 777 Hill Avenue in Aston, Delaware County, Pennsylvania (the Property). Phillips agreed.

On May 24, 2013, Phillips filed a Praecipe for Lis Pendens on the Property. On June 10, 2013, the [t]rial [c]ourt held a hearing on Phillips' Writ of Seizure and/or Injunction. On the same date, the [t]rial [c]ourt ordered [Appellants] to return $45,166.19 and the deed to the Property. [Appellants] filed a Motion for Reconsideration of the [court's] June 10, 2013 [o]rder. On June 19, 2013, the [t]rial [c]ourt held a hearing on [Appellants'] Motion for Reconsideration. On the same date, the [court], pursuant to the agreement of the parties, ordered, in relevant part, that (1) the $45,166.19 and the deed for the Property are to be placed in an escrow account and (2) that [c]ounsel for both parties shall be the escrow agents.

On October 8, 2013, Phillips filed an Emergency Petition for Contempt of the [t]rial [c]ourt's June 19, 2013 [o]rder. On October 16, 2013, the [t]rial [c]ourt held [o]ral [a]rgument on Phillips' Emergency Petition. On October 17, 2013, the [t]rial [c]ourt granted Phillips' Petition for Contempt and scheduled a hearing on Phillips' Petition for Writ of Seizure and/or Injunction for October 22, 2013. On October 18, 2013, [Appellants] filed a Motion for Reconsideration of the … October 17, 2013 [o]rder, which the [t]rial [c]ourt subsequently denied.

On October 22, 2013, the parties entered into a Settlement and Consent Decree wherein they agreed that $30,000.00 be released to Phillips from the escrow account and the remaining terms and conditions of the [t]rial [c]ourt's June 19, 2013 and September 16, 2013 remain in full force and effect. On October 23, 2013, the [t]rial [c]ourt adopted the October 22, 2013 Settlement and Consent Decree as an [o]rder of [c]ourt. In addition, the [court] ordered that this matter be stayed pending the conclusion of criminal proceedings against Phillips related to the allegations that she took these funds from [Appellants].

\*          \*          \*

[Relevant to the instant case,] [o]n October 27, 2014, Phillips filed an Emergency Petition to Set Aside Consent Decree and Release and Return of Assets. Phillips alleged that she needed funds for her defense in the criminal proceedings against her. The criminal trial was scheduled to begin on November 17, 2014. On November 13, 2014, the [t]rial [c]ourt held [o]ral [a]rgument on Phillips' Emergency Petition. On November 17, 2014, Phillips filed an Amended Emergency Petition to Release Escrow Funds. On November 20, 2014, Phillips pled no contest to certain criminal charges filed against her. On November 26, 2014, [Appellants] filed a Petition for Release of the Escrow Funds, which the [trial court denied].

On December 9, 2014, the [court] held [argument] on Phillips' Amended Emergency Petition. On the same date, the [court] … ordered that (1) the assets in the escrow account, $15,181.86 plus interest, be released to Phillips and (2) [Appellants] return the deed for Phillips' property to Phillips with title insurance free of all liens and judgments but for those of Phillips. [Appellants'] timely appeal [followed].

Trial Court Opinion, 3/16/15 at 1-4.

Preliminarily, we note that the trial court acknowledges in its Rule 1925(a) opinion that the decision to grant the relief requested in Phillips's amended emergency petition, without holding an evidentiary hearing and setting an injunctive bond, and after Phillips's no contest plea to the underlying criminal charges, was precipitous. We agree. Accordingly, we vacate the trial court's December 9, 2014 order releasing the assets in the escrow account and returning the property deed to Phillips, and remand for an evidentiary hearing.

Order vacated. Case remanded for further proceedings consistent with this judgment order. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/23/2015